# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| REGINA TUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-CV-00217-DGK |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## ORDER TO SHOW CAUSE

On May 14, 2024, the Court held an evidentiary hearing concerning whether Plaintiff Regina Tucker and Lonnell Tucker ("Decedent") were married at the time of his death.

During the hearing, Plaintiff's counsel, Daniel Kopp, asked Michell Aver Bey whether she was aware that Lewis Tucker, III testified in his deposition that Plaintiff had brought a marriage license to the funeral home and told Ms. Avery Bey she had married Decedent. Defense counsel objected on grounds that the statement misrepresented Mr. Tucker's deposition testimony. Plaintiff's other counsel, Suzanne Hale Robinson, then told the Court that she specifically elicited that information in Mr. Tucker's deposition. At that time, the Court noted that should counsels' representation be untrue, it would be a problem.

The Court has since reviewed Mr. Tucker's deposition transcript and video. It states the following:

> BY MS. ROBINSON:
> Q   So, Regina showed you and your mother a copy of the marriage license?
> A   Of something.
> Q   While you were planning the funeral?
> A   She showed us something. I really don't recall what it was when she's in that, it was something of that nature though.
> Q   It was something that would have proved that they

| | |
|---|---|
| | were in fact married according to her? |
| A | **No, that they was I guess trying could know that they was, I guess trying to get married or thinking about getting married. It wasn't that they were married at all.** |
| Q | So, do you recall what it was, did you physically see what it was that Regina was showing your mother? |
| A | I did, but I don't recall what it was stating on there. |
| Q | Do you recall if there was any handwriting on it? |
| A | I don't recall. |
| . . . | |
| Q | Okay. Thank you. So, and I'm sorry. Let me repeat that. So, would you agree that a few days after Lonnell died, Regina presented you with some document that you can't identify, and she said that his [sic] was proof that they had gotten married? |
| A | **No, it wasn't any proof that they got married. I can't really recall what it was, but it didn't showing or saying that they was married.** |
| Q | Can you vet that out for me? What do you mean? |
| A | **It was nothing showing that they was married. It was something. But I can't recall what it really was, but it's nothing to say hey, they were married or they tied the knot or whatever you want to say.** |
| Q | Do you recall what was the purpose of Regina showing you and your mother this document? What was the context? |
| A | I do not recall. I mean it was, it was during the funeral arrangements. I don't know if she was trying to get put in as his wife or whatever it was in the obituary. But I think again, if it would have been some solid evidence that they got married, she would have said that she was a wife in the obituary rather than a fiancé. |

Tucker Dep. 34:16–35:8, 48:14–49:9 (emphasis added).

After reviewing this transcript, the Court's impression is that Plaintiff's counsels' description of Mr. Tucker's testimony is wildly inaccurate. So inaccurate, that it is arguably a deliberate misrepresentation. Accordingly, Mr. Kopp and Ms. Hale Robinson shall show cause by June 6, 2024, as to why they should not be sanctioned under the Court's inherent authority, Rule 11 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1927.

**IT IS SO ORDERED.**

Date:   May 23, 2024               /s/ Greg Kays
                                   GREG KAYS, JUDGE
                                   UNITED STATES DISTRICT COURT