IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| REGINA TUCKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:23-CV-00217-DGK ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) |

**ORDER DENYING PLAINTIFF LEAVE TO AMEND**

This case arises from a fatal collision involving a motorcycle and a United States Postal Service ("USPS") truck in Clay County, Missouri. Plaintiff Regina Tucker brought survival and wrongful death claims against the USPS, the truck driver Matthew Weitharn, and the Missouri Highways and Transportation Commission.[1]

Now before the Court is Plaintiff's motion for leave to amend her complaint to add A.T. and E.T.—decedent Lonnell Tucker's minor children—as named parties. ECF No. 38. Plaintiff also filed an application to serve as next friend for A.T. and E.T. ECF No. 39. For the reasons discussed below, the motion for leave to amend is DENIED and the application to serve as next friend is DENIED AS MOOT.

**Standard**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A district court may deny leave to amend only when there is "undue delay, bad faith or dilatory motive" by the movant, "undue prejudice to the opposing

---

[1] The Court previously substituted the Unites States of America as the real party in interest for the USPS and Matthew Weitharn and dismissed the Missouri Highways and Transportation Commission on sovereign immunity grounds. ECF Nos. 12, 26.

party," or "futility."  *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000).  An amendment is futile when it would not survive a motion to dismiss for lack of subject matter jurisdiction.  *See In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007); *Longie v. Spirit Lake Tribe*, 400 F.3d 586, 588 n.3 (8th Cir. 2005).

**Discussion**

Defendant argues Plaintiff's proposed amendment is futile because the Court does not have subject matter jurisdiction over A.T. and E.T.'s wrongful death claim.  Specifically, Defendant argues A.T. and E.T. did not exhaust their administrative remedies under the Federal Tort Claims Act ("FCTA") because no one was duly appointed to represent them at the administrative level.

"The FTCA is a limited waiver of the United States' sovereign immunity," and a district court has subject matter jurisdiction over FTCA claims only if they have been administratively exhausted.  *Rollo-Carlson v. United States*, 971 F.3d 768, 770 (8th Cir. 2020) (citing 28 U.S.C. § 2675(a)).  Administrative exhaustion requires a plaintiff to "first present[] the claim to the appropriate Federal agency" along with "evidence of a personal representative's authority to act on behalf of a claim's beneficiaries."  *Id.*; *Mader v. United States*, 654 F.3d 794, 801 (8th Cir. 2011) (en banc). This "presentment requirement is a jurisdictional prerequisite to filing an FTCA action in federal court." *Rollo-Carlson*, 971 F.3d at 770 (citation omitted).

State law governs who has authority to present a wrongful death claim to the appropriate federal agency.  *See Mader*, 654 F.3d at 808 (citing 28 U.S.C. §§ 1346(b)(1), 2674).  Under Missouri law, suits by minors may only be commenced and prosecuted by a duly appointed next friend, guardian, or conservator.  Mo. Rev. Stat. §§ 507.110, 507.115; *Y.W. v. Nat'l Super Mkts.*, 876 S.W.2d 785, 788 (Mo. Ct. App. 1994).  Even a child's parent must be judicially appointed to serve as the minor's representative.  *Y.W.*, 876 S.W.2d at 788.

2

Plaintiff contends A.T. and E.T. were properly represented (1) by counsel, (2) by her as their natural mother, or (3) by her as an authorized beneficiary under Missouri's wrongful death statute. Plaintiff's arguments are unavailing.

As to Plaintiff's first two points, she provides no evidence that either counsel or herself were ever duly appointed to serve as A.T. and E.T.'s legal representatives at the time the administrative tort claim was filed. Thus, A.T. and E.T. could not have properly presented their claims to the USPS.

As best the Court can tell, Plaintiff's third point is as follows: (1) Missouri's wrongful death statute allows any authorized beneficiary to bring a claim on behalf of all other beneficiaries without requiring them to be joined; (2) Plaintiff is an authorized beneficiary by virtue of being a surviving spouse; and (3) therefore, A.T. and E.T.'s wrongful death claim was presented to the USPS by someone with authority to represent them.

Plaintiff cites no authority showing Missouri's wrongful death statute creates an exception to § 507.110's requirement that minors must have a duly appointed legal representative, and the Court will not conduct legal research for her. *See United States v. Guzman-Tlaseca*, 546 F.3d 571, 578 (8th Cir. 2008) ("It is not this court's job to research the law to support an appellant's argument."). But even if this were the law (which the Court doubts), Plaintiff's proposed amendment would be unnecessarily duplicative because A.T. and E.T.'s interests would already be represented.

Accordingly, because the Court would lack subject matter jurisdiction over A.T. and E.T.'s claims, adding them as named parties would be futile.

## Conclusion

For the foregoing reasons, Plaintiff's motion for leave to amend is DENIED and her application to serve as next friend for A.T. and E.T. is DENIED AS MOOT.

**IT IS SO ORDERED.**

Date:  May 31, 2024                                          /s/ Greg Kays
                                                               GREG KAYS, JUDGE
                                                               UNITED STATES DISTRICT COURT